UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HARLEY ROOT, JR. and**            CASE NO. 4:19-cv-00347-MW-CAS
**MELISA JOBE,**

    **Plaintiffs,**

v.

**WALT MCNEIL, in his official capacity**
**as SHERIFF of LEON COUNTY; and**
**WES ROBERTS, in his individual capacity,**

    **Defendants.**
_____/

## AMENDED COMPLAINT

Plaintiffs, HARLEY ROOT, JR. and MELISA JOBE, for their Amended Complaint, hereby sue Defendants, WALT MCNEIL, in his official capacity as SHERIFF of LEON COUNTY; and WES ROBERTS, in his individual capacity, and allege:

### NATURE OF THE ACTION

1. This is an action brought under 42 U.S.C. 1983 and under the common law of Florida.

2. This action was brought in the Circuit Court of the Second Judicial Circuit, in and for Leon County Florida, and then removed to this court.

## PARTIES

3. At all times pertinent hereto, Plaintiff, HARLEY ROOT, JR., has been a resident of Florida, and he is *sui juris*.

4. At all times pertinent hereto, Plaintiff, MELISA JOBE, has been a resident of Florida, and she is *sui juris*.

5. At all times pertinent hereto, Defendant, WALT MCNEIL, in his official capacity as SHERIFF of LEON COUNTY ("the SHERIFF"), has been organized and existing under the laws of Florida as a law enforcement agency known as the Leon County Sheriff's Office, and is located in Tallahassee, Florida.

6. At all times pertinent hereto, Defendant, WES ROBERTS, has been a resident of Florida, and has been employed by Defendant SHERIFF as a detective. Defendant ROBERTS is sued in his individual capacity, and he is *sui juris*.

## CONDITIONS PRECEDENT

7. All conditions precedent to bringing this action have been satisfied or waived.

## GENERAL FACTS-PLAINTIFF JOBE

8. In the early morning hours on September 19, 2018, Plaintiff JOBE heard banging on the front door of the residence she shared with Plaintiff ROOT.

9. Plaintiff JOBE was lying on the couch, and she leaned forward to tell the person knocking that the front door was bolted from the outside.

10. At that moment, the front door was kicked in by employees and deputies employed by Defendant SHERIFF, including Defendant ROBERTS. On information and belief, Defendant ROBERTS was in charge and/or in command of these officers.

11. Upon being kicked in, the front door hit Plaintiff JOBE in the face, cutting her face and breaking her nose, and knocked her to the tile floor, where she lay unconscious. She eventually regained consciousness, but then for a period of time repeatedly slipped in and out of consciousness.

12. As Plaintiff JOBE is anemic, while she lay on the floor she was bleeding excessively from the gash on her face.

13. At one point when she was conscious on the floor, Plaintiff JOBE observed an officer holding a gun to her face; while Plaintiff could not observe which officer held the gun to Plaintiff JOBE's face, on information and belief, that officer was Defendant ROBERTS; alternatively, again on information and belief, the officer holding the gun to Plaintiff JOBE's face was instructed to do so and/or assisted in doing so by Defendant ROBERTS. The officer was screaming at her not to move, even though seconds before she had been unconscious and snoring. JOBE was not free to leave her place of confinement at this time nor at any other time after the Defendants entered her residence.

14. No reasonable officer could have considered Plaintiff JOBE a threat during this time.

15. In fact, while lying on the floor, Plaintiff JOBE quite obviously merely needed medical care to address her severe injuries, including to slow her face from bleeding so rapidly as to put her at risk of even more severe and permanent injuries.

16. Plaintiff JOBE sustained numerous injuries due to excessive use of force and battery by Defendant SHERIFF's officers kicking. She was subsequently forced to undergo extensive medical treatment for those injuries.

17. In addition to the facial lacerations, Plaintiff JOBE sustained a variety of other physical and mental injuries including but not limited to a deviated septum, low back strain, cervical sprain, sprained ankle, blunt force trauma to the head, damage to her jaw, teeth and cheek, problems with vision and speech, flashbacks, insomnia, headaches, and post-traumatic stress syndrome.

18. Also, Plaintiff JOBE's apartment was purposely abused by Defendant SHERIFF's officers, including Defendant ROBERTS, and numerous items were broken.

19. Plaintiff JOBE has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendants should be

made to pay said fee, along with costs incurred in prosecuting this action, under applicable law.

## GENRAL FACTS – PLAINTIFF ROOT

20. In the early morning hours on September 19, 2018, Plaintiff ROOT heard noise outside of his apartment, and believed that that he heard a fight between or among two or more people. The yelling he heard was followed by a loud thud at the front door.

21. There was a sign outside Plaintiff ROOT's front door that directed visitors to go around to the back door. The front door was in fact bolted shut from the outside.

22. Plaintiff ROOT turned to go to the back door to unlock it, and before he had a chance, the front door was kicked in by officers in the employ of Defendant SHERIFF, those officers including Defendant ROBERTS. On information and belief, Defendant ROBERTS was in command of and/or in charge of that group of officers.

23. The front door slammed into his girlfriend, Plaintiff JOBE, who had been lying on the couch behind the door, and she was injured.

24. Plaintiff ROOT then heard men say, "we are coming in…" The individuals had guns and were yelling for Plaintiffs to put their hands on their heads. Upon entering, the men asked where the attack dogs and guns were, and

where the "flakka" was. Before Plaintiff ROOT even had a chance to respond, the officers had placed him in handcuffs. On information and belief, the officer who placed Plaintiff ROOT in handcuffs was Defendant ROBERTS; alternatively, also on information and belief, the officer who placed the handcuffs on Plaintiff Root was instructed to do so and/or assisted in doing so by Defendant ROBERTS. At no time was Plaintiff ROOT free to leave his place of confinement after Defendants entered his apartment.

25. Plaintiff ROOT told the officers that only he, his girlfriend, and their cats were in the apartment. He told the officers that they did not have, and had never had, any dogs.

26. Nonetheless, Defendant SHERIFF's officers, specifically including Defendant ROBERTS, proceeded to search the apartment, purposely abusing everything they touched; having broken Plaintiff' ROOT's front door upon entry, they then broke his television during the search, and they confiscated his cell phone. On information and belief, the officer who broke Plaintiff ROOT's television and the officer who confiscated his cell phone was Defendant ROBERTS; alternatively, also on information and belief, the officer or officers who broke Plaintiff ROOT's television and who confiscated his cell phone were instructed to do so and/or assisted in doing so by Defendant ROBERTS.

27. After the breaking items in the house, the one of Defendant SHERIFF's officers who appeared to be in charge, Defendant ROBERTS, read Plaintiff ROOT his rights and from a warrant, and then stated that he was satisfied that there was no contraband in the apartment. At that point, the handcuffs earlier placed on Plaintiff ROOT were removed, also by Defendant ROBERTS.

28. Plaintiff ROOT has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendants should be made to pay said fee, along with expenses incurred in prosecuting this action, under applicable law.

## COUNT I-COMMON LAW FALSE ARREST/IMPRISONMENT
(brought by both Plaintiffs against Defendant SHERIFF)

29. Paragraphs 1-28 above are re-alleged and incorporated.

30. This count sets forth claims against Defendant SHERIFF for false arrest/imprisonment under the common law of Florida.

31. For purposes of this count, the actions of one or more officers, employees and agents of Defendant SHERIFF, specifically including the actions of Defendant ROBERTS, were committed within the course and scope of their employment.

32. Plaintiffs are entitled to relief against Defendant SHERIFF in that through its officers, employees and agents, it intentionally and unlawfully detained and restrained Plaintiffs against their will, deprived Plaintiffs of their liberty

without any reasonable cause, and maintained such complete restraint and deprivation for a period of time.

33. This unlawful restraint of Plaintiffs' liberty was also accomplished by Defendant SHERIFF confining Plaintiffs to areas in which they did not wish to be confined and by compelling Plaintiffs to go where they did not wish to go.

34. Plaintiffs were further restrained by Defendant SHERIFF, through its officers', agents', and employees' use of coercive words, threats of force and/or immediate means of coercion against Plaintiffs so that Plaintiffs were restrained and deprived of liberty. Defendant SHERIFF restrained Plaintiffs without any justification. Defendant SHERIFF ratified the misconduct of its officers, employees and agents in that it was aware of their misconduct and sanctioned their decisions.

35. At all times material to this action, and at all times during which they were being unlawfully restrained, Plaintiffs were restrained against their will and without consent, so that they were not free to leave their place of confinement. Defendant SHERIFF, through its officers, employees and agents, acted in bad faith, with malicious purpose and/or in a manner exhibiting wanton and willful disregard of human rights or safety.

36. As a direct and proximate cause of Defendant SHERIFF's actions, Plaintiffs have been damaged, which damages include: bodily injury, mental

anguish, pain and suffering, loss of capacity for the enjoyment of life, lost wages, lost capacity to work embarrassment, humiliation, loss of reputation, and other tangible and intangible damages. These damages have occurred in the past, are occurring at present, and likely will continue into the future. Plaintiffs are also entitled to equitable/injunctive relief under this count.

### COUNT II-COMMON LAW FALSE ARREST/IMPRISONMENT
### (brought by both Plaintiffs against Defendant ROBERTS)

37.     Paragraphs 1-28 above are re-alleged and incorporated.

38.     This count sets forth claims against Defendant ROBERTS for false arrest/imprisonment under the common law of Florida.

39.     For purposes of this count, Defendant ROBERTS was acting outside the course and scope of his employment by Defendant SHERIFF.

40.     Plaintiffs are entitled to relief against Defendant ROBERTS in that he intentionally and unlawfully detained and restrained them against their will, deprived them of their liberty without any reasonable cause, and maintained such complete restraint and deprivation for a period of time.

41.     This unlawful restraint of Plaintiffs' liberty was also accomplished by Defendant ROBERTS confining them to areas in which they did not wish to be confined and by compelling them to go where they did not wish to go.

42.     Plaintiffs were further restrained by Defendant ROBERTS' use of coercive words, threats of force as well as actual force, and/or immediate means of

coercion against Plaintiffs so that they were restrained and deprived of liberty. Defendant ROBERTS caused Plaintiffs to be restrained without any justification.

43. At all times material to this action, and at all times during which they were being unlawfully restrained, Plaintiffs were restrained against their will and without consent, so that they were not free to leave their place of confinement. Defendant ROBERTS acted in bad faith, with malicious purpose and/or in a manner exhibiting wanton and willful disregard of human rights or safety.

44. As a direct and proximate cause of Defendant ROBERTS' actions, Plaintiffs have been damaged, which damages include: bodily injury, mental anguish, pain and suffering, loss of capacity for the enjoyment of life, lost wages, lost capacity to work, embarrassment, humiliation, loss of reputation, and other tangible and intangible damages. These damages have occurred in the past, are occurring at present, and likely will continue into the future. Plaintiffs are entitled to punitive damages under this count, as well as to equitable/injunctive relief.

## COUNT III-COMMON LAW BATTERY
### (brought by Plaintiff JOBE against Defendant SHERIFF)

45. Paragraphs 1-28 above are re-alleged and incorporated.

46. This count sets forth a claim on behalf of Plaintiff JOBE against Defendant SHERIFF for battery under the common law of Florida.

47. For purposes of this count, the actions of one or more officers, employees and agents of Defendant SHERIFF, specifically including the actions of

Defendant ROBERTS, were committed within the course and scope of their employment.

48.   Defendant SHERIFF, through its agents and others acting within the course and scope of their employment, including but not limited to Defendant ROBERTS, intended to cause harmful and offensive contact directly with Plaintiff JOBE that would offend a reasonable person with a sense of personal dignity.

49.   Plaintiff JOBE did not consent to the harmful and offensive contact and was physically helpless to resist.

50.   Plaintiff JOBE was harmed by Defendant SHERIFF's conduct.

51.   As a direct and proximate result of Defendant SHERIFF's conduct described above, Plaintiff JOBE has suffered emotional distress, pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, permanent disfigurement, mental anguish, loss of enjoyment of life and other tangible and intangible damages. These damages have occurred in the past, are occurring at present, and likely will continue into the future. Plaintiff JOBE is entitled to equitable/injunctive relief under this count.

### COUNT IV-COMMON LAW BATTERY
### (brought by Plaintiff JOBE against Defendant ROBERTS)

52.   Paragraphs 1-28 above are re-alleged and incorporated.

53.   This count sets forth a claim on behalf of Plaintiff JOBE against Defendant ROBERTS for battery under the common law of Florida.

11

54. For purposes of this count, Defendant ROBERTS was acting outside the course and scope of his employment by Defendant SHERIFF.

55. Defendant ROBERTS intended to cause harmful and offensive contact directly with Plaintiff JOBE that would offend a reasonable person of a sense of personal dignity.

56. Plaintiff JOBE did not consent to the harmful and offensive contact and was physically helpless to resist.

57. Plaintiff JOBE was harmed by Defendant ROBERTS' conduct.

58. As a direct and proximate result of Defendant ROBERTS' conduct described above, Plaintiff JOBE has suffered emotional distress, pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, permanent disfigurement, mental anguish, loss of enjoyment of life and other tangible and intangible damages.  These damages have occurred in the past, are occurring at present, and likely will continue into the future, Plaintiff JOBE is entitled to punitive damages under this count, as well as to equitable/injunctive relief.

## COUNT V-COMMON LAW ASSAULT
**(brought by both Plaintiffs against Defendant SHERIFF)**

59. Paragraphs 1-29 above are re-alleged and incorporated.

60. This count sets forth claims on behalf of Plaintiffs against Defendant SHERIFF for assault under the common law of Florida.

61. For purposes of this count, the actions of one or more officers, employees and agents of Defendant SHERIFF, specifically including the actions of Defendant ROBERTS, were committed within the course and scope of their employment.

62. Defendant SHERIFF, through its agents and employees, intentionally and unlawfully offered corporal injury to Plaintiffs by force or exertion of force directed toward them.

63. Defendant SHERIFF, through its agents and employees, created a reasonable fear of imminent peril which Plaintiffs reasonably believed would and/or could be carried out due to the circumstances of the incident described in part above.

64. As a direct and proximate result of Defendant SHERIFF's conduct described in part above, Plaintiffs have suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, permanent disfigurement, mental anguish, loss of enjoyment of life and other non-pecuniary losses and other benefits. These damages have occurred in the past, are occurring at present, and likely will continue into the future. Plaintiffs are entitled to equitable/injunctive relief under this count.

### COUNT VI-COMMON LAW ASSAULT
### (brought by both Plaintiffs against Defendant ROBERTS)

65. Paragraphs 1-28 above are re-alleged and incorporated.

66. This count sets forth claims on behalf of both Plaintiffs against Defendant ROBERTS for assault under the common law of Florida.

67. For purposes of this count, Defendant ROBERTS was acting outside the course and scope of his employment by Defendant SHERIFF.

68. Defendant ROBERTS intentionally and unlawfully offered corporal injury to Plaintiffs by force or exertion of force directed toward them.

69. Defendant ROBERTS created a reasonable fear of imminent peril which Plaintiffs reasonably believed would and/or could be carried out due to the circumstances of the incident described in part above.

70. As a direct and proximate result of Defendant ROBERTS' conduct described in part above, Plaintiffs have suffered emotional distress, pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, permanent disfigurement, mental anguish, loss of enjoyment of life and other tangible and intangible damages. These damages have occurred in the past, are occurring at present, and likely will continue into the future. Plaintiffs are entitled to punitive damages under this count, as well as to equitable/injunctive relief.

## COUNT VII-EXCESSIVE FORCE
### (brought by Plaintiff JOBE against Defendant SHERIFF)

71. Paragraphs 1-28 above are re-alleged and incorporated.

72. This count sets forth a claim on behalf of Plaintiff JOBE against Defendant SHERIFF for excessive force in violation of Plaintiff JOBE's rights

under the Fourth and Fourteenth Amendments to the United States Constitution, and is brought through 42 U.S.C. §1983.  Defendant is a person under the laws applicable to this claim.

73. At all times pertinent hereto, Defendant SHERIFF acted under color of state law and intentionally deprived Plaintiff JOBE of her rights under the United States Constitution.

74. Defendant SHERIFF is a person under the laws applicable to this action.

75. Specifically, Defendant SHERIFF intentionally violated Plaintiff JOBE's rights as a citizen to be free from the use of excessive force during investigations and while being detained by law enforcement officers. The actions were taken by Defendant SHERIFF through a final policymaker, Defendant ROBERTS.

76. Defendant SHERIFF, through its agents and employees, exceeded the level of force necessary to enforce compliance with lawful commands and acted in bad faith, with malicious purpose and/or in a manner exhibiting wanton and willful disregard of human rights, safety, and property.

77. Defendant SHERIFF misused its power, possessed by virtue of state law and made possible only because it clothed its agents with the authority of state

law. The violation of Plaintiff JOBE's rights occurred under color of state law and is actionable under 42 U.S.C. §1983.

78. Defendant SHERIFF failed to implement adequate procedures to investigate constitutional violations by its officers and to impose discipline on its officers in circumstances like that at bar in which when they engage in constitutional violations.

79. Defendant SHERIFF is an official with final policy-making authority and is responsible for hiring, training, and supervising law enforcement officers and, when necessary, for investigating alleged wrongdoing by employees and imposing discipline and/or taking other corrective actions.

80. Defendant SHERIFF, after notice of the constitutional violations alleged herein, officially sanctioned these actions and refused to discipline its officers, employees and agents, which established a policy, by a final policy-maker Defendant ROBERTS, that directly or indirectly resulted in the violation of Plaintiff JOBE's constitutional rights.

81. As a direct and proximate cause of Defendant SHERIFF's actions, Plaintiff JOBE has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, permanent disfigurement, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These

damages have occurred in the past, are occurring at present, and will likely continue into the future. Defendant SHERIFF is jointly and severally liable with Defendant ROBERTS to Plaintiff JOBE for the unlawful conduct alleged in this count. Plaintiff JOBE is also entitled to equitable/injunctive relief under this count, and to an award of costs and attorney's fees under pursuant to 42 U.S.C. §1988.

### COUNT VIII-EXCESSIVE FORCE
### (brought by Plaintiff JOBE against Defendant ROBERTS)

82. Paragraphs 1-28 above are re-alleged and incorporated.

83. This count sets forth a claim on behalf of Plaintiff JOBE against Defendant ROBERTS for excessive force in violation of Plaintiff JOBE's rights under the Fourth and Fourteenth Amendments to the United States Constitution, and is brought through 42 U.S.C. §1983. Defendant is a person under the laws applicable to this claim.

84. At all times pertinent hereto, Defendant ROBERTS acted under color of state law and intentionally deprived Plaintiff JOBE of her rights under the United States Constitution.

85. Specifically, Defendant ROBERTS intentionally violated Plaintiff JOBE's rights as a citizen to be free from the use of excessive force while being detained by law enforcement officers.

86. The force used by Defendant ROBERTS or caused to be used by Defendant ROBERTS was excessive, occurred under the color of state law and caused Plaintiff JOBE's injuries.

87. As a direct and proximate result of Defendant ROBERTS' conduct described above, Plaintiff JOBE has suffered emotional distress, pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, permanent disfigurement, mental anguish, loss of enjoyment of life and other tangible and intangible damages. These damages have occurred in the past, are occurring at present, and will likely continue into the future. Defendant ROBERTS is jointly and severally liable along with Defendant SHERIFF to Plaintiff JOBE under this count. Plaintiff JOBE is also entitled to punitive damages under this count, as well as to equitable/injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants for the following:

    (a) that process issue and this court take jurisdiction over this cause;

    (b) that this court enter judgment against Defendants and for Plaintiffs awarding equitable relief against Defendants under the applicable counts set forth above, mandating Defendants'

obedience to the laws enumerated herein and providing other equitable relief to Plaintiffs;

(c) that this court enter judgment against Defendants and for Plaintiffs awarding all legally-available general and compensatory damages, including damages for economic loss, to Plaintiffs from Defendants for Defendants' violations of law enumerated herein;

(d) that this court enter judgment against Defendants and for Plaintiffs permanently enjoining Defendants from future violations of law enumerated herein;

(e) that this court enter judgment against Defendants and for Plaintiffs awarding Plaintiffs costs and attorney's fees as allowed by law;

(f) that this court enter judgment against Defendants and for Plaintiffs awarding Plaintiffs interest where appropriate;

(g) that this court enter judgment against Defendants and for Plaintiffs awarding Plaintiffs punitive damages against Defendant ROBERTS; and

(h) that this court grant such other and further relief as is just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on all issues herein that are so triable.

Respectfully submitted:

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all counsel of record by CM/ECF this 19th day of August, 2019.

/s/ Marie A. Mattox
Marie A. Mattox