UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HARLEY D. ROOT, JR. AND MELISA D. JOBE,**

    **Plaintiff,**

v.     Case No.: 4:19-CV-00347-MW-CAS

**WALT MCNEIL, in his official capacity
as Sheriff of LEON COUNTY; and
WES ROBERTS, in his individual capacity,**

    **Defendants.**
_____/

### DEFENDANT ROBERT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT [ECF No. 6]

Defendant, **WES ROBERTS, in his individual capacity** ("Detective Roberts"), by and through undersigned counsel, files this his answer and affirmative defenses to Plaintiffs' first amended complaint [ECF No. 6], and states as follows:

### NATURE OF THE ACTION

1. Admitted that Plaintiffs have brought a lawsuit. To the extent, however, that the bringing of this action gives rise to any inference Detective Roberts engaged in any unlawful or tortuous conduct, such inference is denied. Similarly, Detective Roberts denies Plaintiffs are entitled to any of the relief sought in the complaint.

2. Admitted that Plaintiffs have brought a lawsuit. To the extent, however, that the bringing of this action gives rise to any inference Detective Roberts engaged in any unlawful or tortuous conduct, such inference is denied. Similarly, Detective Roberts denies Plaintiffs are entitled to any of the relief sought in the complaint.

3. Without knowledge, therefore denied.

4. Without knowledge, therefore denied.

5. Without knowledge, therefore denied.

6. Admitted that Wes Roberts was employed by Sheriff McNeil as a detective on the date listed in Plaintiffs' complaint. Regarding the remainder of this paragraph, without knowledge, therefore denied.

## CONDITIONS PRECEDENT

7. Without knowledge, therefore denied.

## GENERAL FACTS – PLAINTIFF JOBE

8. Admitted that in the early morning hours of September 19, 2018, Leon County Sheriff's Deputies knocked loudly at the door to an apartment where Plaintiffs were located. Regarding the remainder of this paragraph, without knowledge, therefore denied.

9. Without knowledge, therefore denied.

10. Admitted that Leon County Sheriff's Deputies executed a search warrant at the apartment where Plaintiffs were located, and eventually breached the front door. Denied that Detective Roberts breached the door. Regarding the remainder of this paragraph, without knowledge, therefore denied.

11. Denied.

12. Without knowledge, therefore denied.

13. Admitted that while the search warrant was being executed, Plaintiffs were not free to leave. The remainder of this paragraph is denied.

14. Denied.

15. Admitted that Plaintiff Jobe suffered injuries. Regarding the remainder of this paragraph, without knowledge, therefore denied.

16. The first sentence is denied. Regarding the second sentence, without knowledge, therefore denied.

17. Without knowledge, therefore denied.

18. Denied.

19. Denied.

## GENERAL FACTS – PLAINTIFF ROOT

20. Admitted that in the early morning hours of September 19, 2018, Leon County Sheriff's Deputies knocked at the door to an apartment where Plaintiffs were

located and loudly announced "Sheriff's Office, Search Warrant" several times. Regarding the remainder of this paragraph, without knowledge, therefore denied.

21. Denied.

22. Denied that the front door was kicked in. Regarding the remainder of this paragraph, without knowledge, therefore denied.

23. Without knowledge, therefore denied.

24. The first sentence is denied. Regarding the second sentence, admitted that Leon County Sheriff's Deputies had guns. Regarding the remainder of the second sentence, without knowledge, therefore denied. The third sentence is denied. Regarding the fourth sentence, admitted that Plaintiff Root was placed in handcuffs. The remainder of the fourth sentence is denied. The fifth sentence is denied. Regarding the sixth sentence, admitted that while the search warrant was being executed, Plaintiffs were not free to leave. Regarding the remainder of this paragraph, without knowledge, therefore denied.

25. Admitted that Plaintiff Root told Leon County Sheriff's Deputies that it was only him and Plaintiff Jobe in the house. Regarding the remainder of this paragraph, without knowledge, therefore denied.

26. Denied.

27. Admitted that Detective Roberts read Plaintiff Root his rights, read the warrant, and removed the handcuffs. The remainder of this paragraph is denied.

28. Denied.

## COUNT I
## COMMON LAW FALSE ARREST/IMPRISONMENT
**(brought by both Plaintiffs Root and Jobe against Defendant Sheriff)**

29. – 36.   Detective Roberts is not a party to this Count, and declines to respond to the allegations as contained therein.

## COUNT II
## COMMON LAW FALSE ARREST/IMPRISONMENT
**(brought by Plaintiffs Root and Jobe against Defendant Roberts)**

37. Detective Roberts reasserts his responses to all applicable foregoing paragraphs.

38. Admitted that Plaintiffs intend to bring a cause of action against Detective Roberts, but denied that Detective Roberts committed the actions alleged, or that Plaintiffs are entitled to relief sought in this count or any relief whatsoever.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## COUNT III
## COMMON LAW BATTERY
**(brought by Plaintiff Jobe against Defendant Sheriff)**

45. – 51.   Detective Roberts is not a party to this Count, and declines to respond to the allegations as contained therein.

## COUNT IV
## COMMON LAW BATTERY
**(brought by Plaintiff Jobe against Defendant Roberts)**

52.   Detective Roberts reasserts his responses to all applicable foregoing paragraphs.

53.   Admitted that Plaintiff Jobe intends to bring a cause of action against Detective Roberts, but denied that Detective Roberts committed the actions alleged, or that Plaintiffs are entitled to relief sought in this count or any relief whatsoever.

54.   Denied.

55.   Denied.

56.   Denied.

57.   Denied.

58.   Denied.

## COUNT V
## COMMON LAW ASSAULT
**(brought by Plaintiffs against Defendant Sheriff)**

59. – 64.   Detective Roberts is not a party to this Count, and declines to respond to the allegations as contained therein.

## COUNT VI
## ASSAULT
**(brought by Plaintiffs against Defendant Roberts)**

65. Detective Roberts reasserts his responses to all applicable foregoing paragraphs.

66. Admitted that Plaintiffs intend to bring a cause of action against Detective Roberts, but denied that Detective Roberts committed the actions alleged, or that Plaintiffs are entitled to relief sought in this count or any relief whatsoever.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

## COUNT VII
## EXCESSIVE FORCE
**(brought by Plaintiff Jobe against Defendant Sheriff)**

71. – 81. Detective Roberts is not a party to this Count, and declines to respond to the allegations as contained therein.

## COUNT VIII
## EXCESSIVE FORCE
**(brought by Plaintiff Jobe against Defendant Roberts)**

82. Detective Roberts reasserts his responses to all applicable foregoing paragraphs.

83. Admitted that Plaintiff Jobe intends to bring a cause of action against Detective Roberts, but denied that Detective Roberts committed the actions alleged, or that Plaintiffs are entitled to relief sought in this count or any relief whatsoever.

84. Denied.

85. Denied.

86. Denied.

87. Denied

Detective Roberts denies that Plaintiffs are entitled to the relief sought in their prayer for relief, or any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

1. No state or federally protected rights of any Plaintiff have been infringed or violated.

2. Detective Roberts, in his individual capacity, is entitled to qualified immunity for actions taken pursuant to his discretionary authority, in that his conduct did not violate any clearly established statutory or constitutional right of which a reasonable person would have known. Furthermore, at all times material, Detective Roberts acted in good faith, reasonably and without malice in the course and scope of his duties towards Plaintiffs.

3. Plaintiffs may have been the beneficial recipient of recovery from collateral sources. Accordingly, Detective Roberts is entitled to setoff from any

damages award for those payments from collateral sources.

4. Any injurious results about which Plaintiffs complain were the result of Plaintiffs' own actions or omissions and any award of damages should be reduced by the *pro rata* share of fault attributable to Plaintiffs.

5. Plaintiffs may have failed to use reasonable and proper efforts to mitigate damages.

6. Any injuries incurred by Plaintiffs are the result of their own actions or omissions or failure to care for themselves.

7. The application of *de minimis* force, without more, will not support a claim for excessive force in violation of the Fourth Amendment.

8. All actions taken by Detective Roberts were reasonable and privileged and undertaken for the purpose of self-defense, in the defense of others, or for the purpose of accomplishing lawful objectives.

9. Any threat of or use of restraint or force by Detective Roberts was lawful and privileged in he was acting in his capacities as a law enforcement officers, and any actions were reasonable and necessary and applied while effectuating a lawful detention and/or arrest and while acting in furtherance of a lawful purpose and justified pursuant to chapter 776, Florida Statutes.

10. Pursuant to the provisions of section 768.28, Florida Statutes, Detective Roberts is immune from suit and liability for Plaintiffs' state law claims, as Plaintiffs

will not be able to establish at trial that Detective Roberts acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

11.  Actions attributable to Detective Roberts at worst constitute mere negligence which fail to state a claim for violation of an individual's civil or constitutional rights under 42 U.S.C. § 1983.

THEREFORE, having answered Plaintiffs' first amended complaint, Wes Roberts, in his individual capacity, hereby invokes his right to trial by jury.

Respectfully submitted this 3rd day of September, 2019.

*/s/ Matthew J. Carson*
**MICHAEL P. SPELLMAN**
Florida Bar Number: 0937975
mspellman@sniffenlaw.com
**MATTHEW J. CARSON**
Florida Bar No. 827711
mcarson@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been sent via the Court's CM/ECF system to counsel of record this 3rd day of September, 2019.

>/s/ *Matthew J. Carson*
>**MATTHEW J. CARSON**