UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HARLEY D. ROOT, JR. AND MELISA D. JOBE,**

    Plaintiff,

v.                                            Case No.: 4:19-CV-00347-MW-CAS

**WALT MCNEIL, in his official capacity as Sheriff of LEON COUNTY; and WES ROBERTS, in his individual capacity,**

    Defendants.
_____/

## DEFENDANT SHERIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT [ECF No. 6]

Defendant, **WALT MCNEIL, in his official capacity as Sheriff of Leon County, Florida** ("Sheriff McNeil"), by and through undersigned counsel, files this his answer and affirmative defenses to Plaintiffs' first amended complaint [ECF No. 6], and states as follows:

## NATURE OF THE ACTION

1. Admitted that Plaintiffs have brought a lawsuit. To the extent, however, that the bringing of this action gives rise to any inference Sheriff McNeil, his agents or employees, engaged in any unlawful or tortuous conduct, such inference is denied. Similarly, Sheriff McNeil denies Plaintiffs are entitled to any of the relief sought in the complaint.

2. Admitted that Plaintiffs have brought a lawsuit. To the extent, however, that the bringing of this action gives rise to any inference Sheriff McNeil, his agents or employees, engaged in any unlawful or tortuous conduct, such inference is denied. Similarly, Sheriff McNeil denies Plaintiffs are entitled to any of the relief sought in the complaint.

3. Without knowledge, therefore denied.

4. Without knowledge, therefore denied.

5. Admitted that Walt McNeil was Sheriff of Leon County, Florida, on the date listed in Plaintiffs' complaint. The remainder of the paragraph is denied.

6. Admitted that Wes Roberts was employed by Sheriff McNeil as a detective on the date listed in Plaintiffs' complaint. Regarding the remainder of this paragraph, without knowledge, therefore denied.

## CONDITIONS PRECEDENT

7. Admitted.

## GENERAL FACTS – PLAINTIFF JOBE

8. Admitted that in the early morning hours of September 19, 2018, Leon County Sheriff's Deputies knocked loudly at the door to an apartment where Plaintiffs were located. Regarding the remainder of this paragraph, without knowledge, therefore denied.

9. Without knowledge, therefore denied.

10. Admitted that Leon County Sheriff's Deputies executed a search warrant at the apartment where Plaintiffs were located, and eventually breached the front door. Regarding the remainder of this paragraph, without knowledge, therefore denied.

11. Denied.

12. Without knowledge, therefore denied.

13. Admitted that while the search warrant was being executed, Plaintiffs were not free to leave. Regarding the remainder of this paragraph, without knowledge, therefore denied.

14. Denied.

15. Admitted that Plaintiff Jobe suffered injuries. Regarding the remainder of this paragraph, without knowledge, therefore denied.

16. The first sentence is denied. Regarding the second sentence, without knowledge, therefore denied.

17. Without knowledge, therefore denied.

18. Denied.

19. Denied.

## **GENERAL FACTS – PLAINTIFF ROOT**

20. Admitted that in the early morning hours of September 19, 2018, Leon County Sheriff's Deputies knocked at the door to an apartment where Plaintiffs were

located and loudly announced "Sheriff's Office, Search Warrant" several times. Regarding the remainder of this paragraph, without knowledge, therefore denied.

21.   Denied.

22.   Denied that the front door was kicked in. Regarding the remainder of this paragraph, without knowledge, therefore denied.

23.   Without knowledge, therefore denied.

24.   The first sentence is denied. Regarding the second sentence, admitted that Leon County Sheriff's Deputies had guns. Regarding the remainder of the second sentence, without knowledge, therefore denied. The third sentence is denied. Regarding the fourth sentence, admitted that Plaintiff Root was placed in handcuffs. The remainder of the fourth sentence is denied. The fifth sentence is denied. Regarding the sixth sentence, admitted that while the search warrant was being executed, Plaintiffs were not free to leave. Regarding the remainder of this paragraph, without knowledge, therefore denied.

25.   Admitted that Plaintiff Root told Leon County Sheriff's Deputies that it was only him and Plaintiff Jobe in the house. Regarding the remainder of this paragraph, without knowledge, therefore denied.

26.   Denied.

27.   Admitted that Detective Roberts read Plaintiff Root his rights, read the warrant, and removed the handcuffs. The remainder of this paragraph is denied.

28. Denied.

## COUNT I
## COMMON LAW FALSE ARREST/IMPRISONMENT
**(brought by both Plaintiffs Root and Jobe against Defendant Sheriff)**

29. Sheriff McNeil reasserts his responses to all applicable foregoing paragraphs.

30. Admitted that Plaintiffs intend to bring a cause of action against Sheriff McNeil, but denied that Sheriff McNeil, his agents or employees, committed the actions alleged, or that Plaintiffs are entitled to relief sought in this count or any relief whatsoever.

31. Admitted.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## COUNT II
## COMMON LAW FALSE ARREST/IMPRISONMENT
**(brought by Plaintiffs Root and Jobe against Defendant Roberts)**

37. – 44.   Sheriff McNeil is not a party to this Count, and declines to respond to the allegations as contained therein.

## COUNT III
## COMMON LAW BATTERY
**(brought by Plaintiff Jobe against Defendant Sheriff)**

45. Sheriff McNeil reasserts his responses to all applicable foregoing paragraphs.

46. Admitted that Plaintiff Jobe intends to bring a cause of action against Sheriff McNeil, but denied that Sheriff McNeil, his agents or employees, committed the actions alleged, or that Plaintiffs are entitled to relief sought in this count or any relief whatsoever.

47. Admitted.

48. Denied.

49. Denied, as phrased.

50. Denied.

51. Denied.

## COUNT IV
## COMMON LAW BATTERY
**(brought by Plaintiff Jobe against Defendant Roberts)**

52. – 58.   Sheriff McNeil is not a party to this Count, and declines to respond to the allegations as contained therein.

## COUNT V
## COMMON LAW ASSAULT
### (brought by Plaintiffs against Defendant Sheriff)

59. Sheriff McNeil reasserts his responses to all applicable foregoing paragraphs.

60. Admitted that Plaintiffs intend to bring a cause of action against Sheriff McNeil, but denied that Sheriff McNeil, his agents or employees, committed the actions alleged, or that Plaintiffs are entitled to relief sought in this count or any relief whatsoever.

61. Admitted.

62. Denied.

63. Denied.

64. Denied.

## COUNT VI
## ASSAULT
### (brought by Plaintiffs against Defendant Roberts)

65. – 70.   Sheriff McNeil is not a party to this Count, and declines to respond to the allegations as contained therein.

## COUNT VII
## EXCESSIVE FORCE
### (brought by Plaintiff Jobe against Defendant Sheriff)

71. Sheriff McNeil reasserts his responses to all applicable foregoing paragraphs.

72. Admitted that Plaintiffs intend to bring a cause of action against Sheriff McNeil, but denied that Sheriff McNeil, his agents or employees, committed the actions alleged, or that Plaintiffs are entitled to relief sought in this count or any relief whatsoever.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

## COUNT VIII
## EXCESSIVE FORCE
**(brought by Plaintiff Jobe against Defendant Roberts)**

82. – 87.   Sheriff McNeil is not a party to this Count, and declines to respond to the allegations as contained therein.

Sheriff McNeil denies that Plaintiffs are entitled to the relief sought in their prayer for relief, or any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. No state or federally protected rights of any Plaintiff have been infringed or violated.

2. Plaintiffs may have been the beneficial recipient of recovery from collateral sources. Accordingly, Sheriff McNeil is entitled to setoff from any damages award for those payments from collateral sources.

3. The actions of Sheriff McNeil, his agents or employees, were discretionary in nature and/or involved planning level activities for which he cannot be subject to liability or an action for damages under provisions of section 768.28, Florida Statutes, and Sheriff McNeil, in his official capacity, is immune from any claims related to such activity.

4. Any injurious results about which Plaintiffs complain were the result of Plaintiffs' own actions or omissions and any award of damages should be reduced by the *pro rata* share of fault attributable to Plaintiffs.

5. Plaintiffs may have failed to use reasonable and proper efforts to mitigate damages.

6. Any injuries incurred by Plaintiffs are the result of their own actions or omissions or failure to care for themselves.

7. The application of *de minimis* force, without more, will not support a claim for excessive force in violation of the Fourth Amendment.

8. All actions of Sheriff McNeil, his agents or employees, were reasonable and privileged and undertaken for the purpose of self-defense, in the defense of others, or for the purpose of accomplishing lawful objectives.

9. To the extent the actions of Sheriff McNeil's employees were outside the course and scope of his employment, or, alternatively, were not taken "under color of law," then Defendant Sheriff cannot be derivatively liable.

10. Any threat of or use of restraint or force by Sheriff McNeil's agents or employees was lawful and privileged in that they were acting in their capacities as a law enforcement officers, and any actions were reasonable and necessary and applied while effectuating a lawful detention and/or arrest and while acting in furtherance of a lawful purpose and justified pursuant to chapter 776, Florida Statutes.

11. All or part of the damages awardable to Plaintiffs under any claims brought pursuant to Florida law are governed by the terms, conditions, provisions, and limitations found in section 768.28, Florida Statutes.

12. Actions attributable to Sheriff McNeil, his agents or employees, at worst constitute mere negligence which fail to state a claim for violation of an individual's civil or constitutional rights under 42 U.S.C. § 1983.

13. Plaintiffs cannot identify custom, policy, or practice of Sheriff McNeil that was the moving force behind any alleged constitutional injury; accordingly,

there can be no liability on the part of Sheriff McNeil for the federal claim.

THEREFORE, having answered Plaintiffs' first amended complaint, Walt McNeil, in his official capacity as Sheriff of Leon County, Florida, hereby invokes his right to trial by jury.

Respectfully submitted this 3rd day of September, 2019.

/s/ Matthew J. Carson
**MICHAEL P. SPELLMAN**
Florida Bar Number: 0937975
mspellman@sniffenlaw.com
**MATTHEW J. CARSON**
Florida Bar No. 827711
mcarson@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been sent via the Court's CM/ECF system to counsel of record this 3rd day of September, 2019.

/s/ *Matthew J. Carson*
**MATTHEW J. CARSON**