**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**HARLEY D. ROOT, JR. and**
**MELISA D. JOBE,**

    **Plaintiffs,**

v.                                **CASE NO.  4:19-cv-347-MW-CAS**

**WALT MCNEIL, in his official**
**capacity as SHERIFF of LEON**
**COUNTY; and WES ROBERTS,**
**in his individual capacity,**

    **Defendant.**

_____/

**PLAINTIFF'S STATEMENT**
**OF COMPLIANCE WITH RULE 26**

    Plaintiffs, Harley D. Root, Jr. and Melisa D. Jobe, make the following disclosures in accordance with Rule 26(a)(1)(A)(i-iii) and 26(a)(1)(C), Federal Rules of Civil Procedure:

    **A.  Rule 26(a)(1)(A)(i),Federal Rules of Civil Procedure, requires disclosure of the  name and, if known, the address and telephone number of each individual likely to have discoverable information relative to the disputed facts alleged with particularity in the pleadings, identifying the subjects of the information. Plaintiffs have conducted the  reasonable inquiry required under Rule 26(g), and, to the best of the Plaintiffs' knowledge,  information and belief, the disclosure is complete and correct as of the time that it is made. Plaintiffs, however, reserve the right to supplement this list upon discovery of additional information which may be relevant to this action:**

    1.    Plaintiffs

2. All persons identified by Defendant in its Rule 26 disclosures. Plaintiffs rely on the information provided by Defendant in its rule 26 disclosures as to the knowledge of each such witness about claims and defenses. Plaintiffs will supplement this report if needed after depositions and additional information is gathered.

3. All persons identified by Defendant and Plaintiff in any answers to any interrogatories. Plaintiff relies on the information provided by Defendant about the role and relevant knowledge held by each witness and will supplement this response if and when additional information is obtained.

4. All persons noticed and/or deposed during discovery. Plaintiffs list this category of potential witnesses in an abundance of caution. To Plaintiffs' knowledge no one has yet been noticed for deposition. Plaintiffs anticipate that witnesses on Defendant's Rule 26 disclosure, as well as the Plaintiffs, will be deposed. At this point, Plaintiffs rely on Defendant's Rule 26 disclosure.

5. All records custodians of any and all records Plaintiffs seek to introduce as evidence at trial. Plaintiffs list this category in an abundance of caution. Plaintiffs anticipate that the parties will cooperate in authenticating documents and that records custodians will not be necessary. However, in the event they are, Plaintiffs will call records custodians as to any and every document produced during this case whether from the parties or third parties, as needed to authenticate documents that are not otherwise stipulated as authentic by the parties.

6. One or more of Plaintiffs' family members and personal friends, having knowledge of emotional damages occasioned to Plaintiffs by Defendant's activities as follows, as well as the work ethic and character of Plaintiffs:

    None

7. The following doctors may have knowledge and opinions they have regarding treatment of the Plaintiffs:

Will be provided at a later date

8. The following current and former employees of Defendant may have knowledge of Plaintiffs' work performance and/or knowledge of Defendant's discrimination against Plaintiffs:

**FOR HARLEY ROOT:**

**Melisa D. Jobe** c/o Marie A. Mattox, P.A. – has knowledge of being with Plaintiff Root on the night of September 19, 2018 when deputies from the Leon County Sheriff's Office kicked in the front door severely injuring her; has knowledge of officers eventually realizing they had the wrong people and she was transported by ambulance to Tallahassee Memorial Hospital; may have knowledge of other claims and defenses in this matter.

**Wes Roberts**, Officer c/o Defendant – has knowledge that he was accompanied by several officers working for the Defendant on the night of September 19, 2018, kicked in the front door of Plaintiff's residence where Plaintiffs Root and Jobe were sleeping; has knowledge of severely injuring Plaintiff Jobe when the front door slammed into her; has knowledge of the damages they caused in Plaintiff Root's apartment before realizing the officers had made a mistake; may have knowledge of other claims and defenses in this matter.

**FOR MELISA D. JOBE:**

**Harley D. Root, Jr.** c/o Marie A. Mattox, P.A. – has knowledge of being with Plaintiff Jobe on the night of September 19, 2018 when deputies from the Leon County Sheriff's Office kicked in the front door severely injuring her; has knowledge of being handcuffed and confined by the deputies while they searched the apartment; has knowledge of the extensive damages caused to the apartment by the deputies including the front door and a broken television; has knowledge that no contraband was found in the apartment, Plaintiff's handcuffs were removed, Plaintiff Jobe was transported to Tallahassee Memorial Hospital and the deputies

departed; may have knowledge of other claims and defenses in this matter.

**Wes Roberts**, Officer c/o Defendant - has knowledge that he was accompanied by several officers working for the Defendant on the night of September 19, 2018, when they kicked in the front door of Plaintiff's residence where Plaintiffs Root and Jobe were sleeping; has knowledge of severely injuring Plaintiff Jobe when the front door slammed into her; has knowledge of the damages they caused in Plaintiff Root's apartment before realizing the officers had made a mistake; may have knowledge of other claims and defenses in this matter.

**B. Rule 26(a)(1)(A)(ii), Federal Rules of Civil Procedure, requires disclosure of a copy or a description by category and location of, all documents, data, compilations, and tangible things in the possession, custody or control of the party that are relevant to the disputed facts alleged with particularity in the pleadings. Plaintiffs reserve the right to supplement this list as additional information becomes available. Plaintiffs have performed a good faith examination of the pleadings and of all documents in Plaintiffs' possession and make the following disclosure of documents that may be relevant:**

1. Plaintiffs do not have any documents to list at this time.

**C. Rule 26(a)(1)(A)(iii), Federal Rules of Civil Procedure, requires a computation of any category of damages claimed by the disclosing party, making available for inspection and copying under Rule 34 the documents or other evidentiary material not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered. Plaintiffs, to the extent that these documents are available, identify the following:**

1. Plaintiff claims lost wages and other tangible damages. The following are estimates of Plaintiff's damages based upon the information he is aware of and can recall at this time:

4

        Plaintiffs will provide their damages in a supplement at a later date.

2. Plaintiff is also entitled to damages relating to mental anguish, emotional distress, depression, anger, escalated levels of stress, feelings of helplessness, embarrassment, humiliation, loss of capacity for the enjoyment of life, and illness. It is not Plaintiff's counsel's practice to ask the jury for a set financial award for intangible damages. Instead, it is Plaintiff's counsel's practice to ask the jury to award an amount of money for emotional pain and suffering that will fairly compensate the Plaintiff for the mental pain and suffering endured as a result of the unlawful acts of Defendant.

        Plaintiff submits that the decision how much to award for these damages belongs to the jury and to the jury alone. Plaintiff further submits that on a practical level, a forced statement of emotional pain and suffering damages, as here, is pernicious. Appearing as it must in a court paper, it is subject to Rule 11 and, therefore, in light of the above authorities and common sense, the number given is necessarily not based on any specific calculation or formula.

        Plaintiff also claims entitlement to attorneys' fees and costs in this matter.

3. Lost pay increases and bonuses, as may be applicable.

4. Punitive damages, amount sought will be the maximum allowed by law.

5. Injunctive relief and other equitable relief as allowed by law.

6. Reinstatement of Plaintiff's position, pay, fringe benefits, and tenure.

7. Plaintiff also seeks to recover front pay and back pay, as may be applicable.

8. Other damages may be made known to Plaintiff during the course of this action.

**D. Rule 26(a)(1)(A)(iv), Federal Rules of Civil Procedure, requires disclosure of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiff has no such insurance policy but reasonably believes that a policy of insurance covers Defendant's actions in this case.

Respectfully submitted,

/s/ Marie A. Mattox_____
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 N. Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been emailed to all counsel of record this 4th day of November 2019:

/s/ Marie A. Mattox
Marie A. Mattox