UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HARLEY D. ROOT, JR. and
MELISA D. JOBE,

    Plaintiffs,

v.                                    Case No.: 4:19cv00347-MW-MAF

WALT MCNEIL, in his official capacity
as Sheriff of LEON COUNTY; and
WES ROBERTS, in his individual capacity,

    Defendants.
_____/

**DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES,
FOR ENLARGEMENT OF TIME FOR DEFENDANTS
TO CONDUCT DISCOVERY, AND FOR EXTENSION OF
<u>DEADLINE TO FILE SUMMARY JUDGMENT MOTION</u>**

Defendants WALT McNEIL and WES ROBERTS, by and through undersigned counsel, and pursuant to Rules 6 and 37, Federal Rules of Civil Procedure, and Local Rules 6.1 and 7.1, move this Court for an order compelling Plaintiffs to respond to Defendants' initial written discovery requests served August 29, 2019, sanctioning Plaintiffs for failing to respond to Defendants' discovery requests, enlarging the discovery period for the sole purpose of allowing Defendants to complete discovery, and extending the deadline for Defendants to file their summary judgment motion. In support thereof, Defendants state as follows:

1. Plaintiffs initiated this action in state court on May 22, 2019. ECF No. 1. Defendants timely removed this action to this Court on July 29, 2019. Id.

2. On August 29, 2019, Defendants served initial written discovery requests on Plaintiffs. See Joint Status Reports Regarding Discovery, ECF Nos. 15, 19. Defendant Sheriff served separate interrogatories and requests to produce on both Plaintiffs. Defendant Roberts did the same.[1]

3. On December 3, 2019, Plaintiffs' prior counsel filed a motion to withdraw. ECF No. 20. On December 18, 2019, this Court entered an order granting the motion and staying all deadlines. ECF No. 23. At that time, Plaintiffs had not responded to Defendants' discovery requests, or asserted any objections to discovery within the time permitted by rule or stipulation.

4. On June 30, 2020, Khambrel Davis entered a notice of appearance for Plaintiff Jobe. ECF No. 34.

5. On July 13, 2020, Mr. Davis (Counsel for Plaintiff Jobe), Plaintiff Root (pro se), and undersigned counsel for Defendants filed a Joint Report of Parties' Rule 26(f) Planning Meeting. ECF No. 37.

---

[1] Undersigned counsel is aware of Local Rule 26.1(D), requiring a party moving to compel discovery to include, if feasible, verbatim quotes of each discovery request and objection. Undersigned counsel respectfully suggests that such information is unnecessary here, as Defendants are not seeking to compel better responses or a ruling on an objection, but rather are seeking responses in the first place. Defendants will supplement their motion with copies of the discovery requests at issue if it will assist the Court.

6. On July 14, 2020, the Court issued an Amended Scheduling and Mediation Order with a discovery deadline of January 4, 2021. ECF No. 38.

7. Also on July 14, 2020, undersigned counsel for Defendants emailed Mr. Davis copies of the previously-served discovery requests, and requested responses by August 13, 2020.[2] Mr. Davis agreed to do so.

8. On September 8, 2020, undersigned counsel contacted Mr. Davis by email requesting an update on Plaintiffs' responses to Defendants' discovery requests. On September 14, 2020, Mr. Davis responded, and told undersigned counsel that responses would be provided that week.

9. On September 16, 2020, Mr. Davis entered a notice of appearance for Plaintiff Root. ECF No. 39.

10. On October 5, 2020, undersigned counsel contacted Mr. Davis by email regarding Plaintiffs' responses to Defendants' discovery requests. On October 8, 2020, Mr. Davis stated that responses would be provided the following week.

11. On October 23, 2020, undersigned counsel contacted Mr. Davis by email regarding this issue. On October 23, 2020, Mr. Davis stated that responses would be provided the following week.

---

[2] Mr. Davis informed undersigned counsel on July 13, 2020, that he would also be representing Plaintiff Root in this action, but was waiting on him to sign an engagement letter. Accordingly, undersigned counsel did not re-send the discovery requests directly to Plaintiff Root at that time.

3

12. On October 29, 2020, Mr. Davis provided copies of Plaintiff Root and Plaintiff Jobe's unverified answers to Defendant Robert's first interrogatories, and stated that the remainder of the outstanding discovery responses would be provided the following day.

13. On November 3, 2020, undersigned counsel again contacted Mr. Davis by email regarding Plaintiffs' overdue discovery responses, and informing him that Defendants will likely file a motion to compel. On November 5, 2020, Mr. Davis told undersigned counsel that responses would be provided the following day.

14. On November 10, 2020, Mr. Davis provided copies of Plaintiff Jobe's unverified answers to Defendant Sheriff's first interrogatories, and updated unverified answers to Defendant Robert's first interrogatories (originally served October 29, 2020).

15. On November 10, 2020, and again on November 16, 2020, undersigned counsel informed Mr. Davis that Defendants will be filing this motion to compel Plaintiffs' overdue discovery responses.

16. At the time of this filing, Plaintiffs have not provided responses to Defendants' initial written discovery requests other than what has been identified above. Defendants are still waiting on responses to all four requests to produce served on Plaintiffs on August 29, 2019. Defendant Sheriff is waiting on answers to his first interrogatories to Plaintiff Root. Defendants are waiting on verified answers

to the other three sets of interrogatories.

17. Between July and October, 2020, undersigned counsel remained optimistic that discovery responses were forthcoming and this motion would not be necessary. However, with a discovery deadline just 48 days away, Defendants are prejudiced by Plaintiffs' flat refusal to fully respond to Defendants' discovery requests served more than 14 months ago. Defendants are also mindful of this Court's direction that motions to compel discovery be filed no later than 30 days before the close of discovery. ECF No. 3.[3]

## MEMORANDUM OF LAW

Rule 37(d), Federal Rules of Civil Procedure, expressly authorizes a court to compel discovery responses and impose sanctions on a party who fails to do so. Furthermore, Rule 37(d) provides that the court must require the party who failed to respond to pay the moving party's reasonable expenses, including attorney's fees.

Admittedly, this case has not followed the normal path. Original counsel for Plaintiffs withdrew a few months into the litigation, and the matter was stayed for a period of several months during which Plaintiffs attempted to retain the services of new counsel. Nonetheless, Defendants have diligently sought discovery from Plaintiffs in this action both before and after the stay. Defendants served their initial

---

[3] Undersigned counsel also recognizes that the parties failed to resume the filing of joint status reports regarding discovery following the stay being lifted in this case. With apologies to the Court, the parties filed a joint status report on November 17, 2020. ECF No. 40.

written discovery requests on Plaintiffs 31 days after this case was removed to federal court. Following the resumption of this litigation, counsel for the parties agreed that Plaintiffs would respond to Defendants' outstanding discovery requests no later than August 13, 2020. Compliance with that agreed-upon deadline would have permitted Defendants to seek additional discovery (for example, from non-parties identified in the Plaintiffs' responses) well in advance of Plaintiffs' depositions. Undersigned counsel conferred with Mr. Davis five times in an attempt to obtain these discovery responses without court action, but was unable to do so.

Because of the *additional* delay of more than 3 months, Defendants are now in the position of having to hastily attempt to conduct any additional discovery necessary before Plaintiffs' depositions (currently scheduled for December 17, 2020) and the discovery deadline of January 4, 2021.

Plaintiffs can provide no lawful basis for their refusal to respond to Defendants' initial written discovery requests served more than 14 months ago.

Defendants respectfully request that this Court enter an order compelling Plaintiffs to fully respond to Defendants' initial written discovery requests within 10 days of the date of entry of the order, and ordering Plaintiffs to pay, as a sanction, the attorneys' fees incurred by Defendants to bring this motion to compel.

Defendants further request that this Court enlarge the time for Defendants to complete discovery in this matter for a period of 70 days following the date of entry

of the order. This will allow Defendants to obtain third party discovery and schedule Plaintiffs' deposition for a later date.

Finally, Defendants request that this Court extend the summary judgment deadline to 21 days following any enlarged discovery deadline.

Defendants have diligently sought discovery in this matter, and have been prejudiced by Plaintiffs' refusal to respond. The relief sought herein is solely for the purpose of correcting that prejudice, and not to unnecessarily delay these proceedings.

WHEREFORE, Defendants respectfully request that this Court enter an Order granting the relief sought herein, and any other relief this Court deems appropriate.

Respectfully submitted this 18th day of November, 2020.

*/s/ Matthew J. Carson*
**MATTHEW J. CARSON**
Florida Bar No. 0827711
Email: mcarson@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Undersigned counsel certify that he has conferred with Plaintiffs' counsel in an effort to resolve the discovery disputes referenced in the above motion, but has been unsuccessful in his efforts to resolve said disputes without intervention of this Court.

## RULE 7.1(F) CERTIFICATE OF WORD COUNT

Pursuant to Local Rule Rule 7.1(F), I certify that according to the word count feature of the word-processing system used to prepare this document, the Motion and Memorandum contain 1,577 words.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been sent via the Court's CM/ECF system to counsel of record this 18th day of November, 2020.

/s/ *Matthew J. Carson*
**MATTHEW J. CARSON**