# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**HARLEY D. ROOT, JR.,**
**and KIMBERLY GRIPPA,**

    Plaintiffs,

vs.                                      Case No. 4:19cv347-MW-MAF

**WALT MCNEIL, in his official**
**capacity as Sheriff of LEON**
**COUNTY, and WES ROBERTS,**
**in his individual capacity,**

    Defendants.
_____/

## O R D E R

Counsel for Plaintiffs was permitted to withdraw on February 19, 2021. ECF No. 53. Finding that Plaintiffs had sufficient time in which to secure new counsel but had failed to do so, this case has now been referred to the undersigned for further proceedings pursuant to Local Rule 72.2(E). ECF No. 57. That rule directs that civil cases which involve a pro se litigant are to be referred "to a full time magistrate judge for all proceedings, including preliminary orders, conduct of necessary hearings, and filing of a report and recommendation containing proposed findings of

fact and conclusions of law and recommending disposition of the case." N.D. Fla. Loc. R. 72.2(E). If Plaintiffs should obtain new counsel, a notice of appearance must be immediately filed.

Because Plaintiffs now proceed pro se, setting forth the status of this case is beneficial. This case was removed from state court in late July 2019 and asserts claims under 42 U.S.C. § 1983 in addition to several state law claims. ECF No. 1. Defendant Roberts' motion to dismiss, ECF No. 5, was denied, ECF No. 7, and Defendant filed answers on September 3, 2019. ECF Nos. 9-10. The recent motion to withdraw was the second such motion filed in this case. *See* ECF No. 23. Thus, discovery has been hampered due to the changes in counsel, and the impact of the covid-19 pandemic, but it has now closed. *See* ECF No. 52. An Amended Scheduling and Mediation Order was entered in July 2020, ECF No. 38, and deadlines were extended again in November 2020. ECF No. 44. Pursuant to that Order, discovery ended on February 5, 2021. *Id.* Mediation was not successful, *see* ECF No. 47, and the case had been placed on a pretrial schedule, ECF No. 49, before the recent motion to withdraw, ECF No. 51, was granted, ECF No. 53. In addition, the pretrial conference was recently canceled and the case removed from the trial

docket. ECF No. 55. The parties did not file summary judgment motions, but it is unclear on this record whether they desire to do so. It is also unclear whether Defendants intend to pursue additional discovery from Plaintiff Root who, at least as of November 2020, had "refused to respond" to discovery requests. *See* ECF No. 44.

Accordingly, Plaintiffs and counsel for the Defendants must confer no later than **March 31, 2021**, and thereafter submit a joint response to this Order (with a discovery plan if deemed necessary) no later than **April 14, 2021**, advising of the status of discovery, stating whether the discovery period should be extended and, if so, how much time is necessary to complete discovery. The parties must also discuss whether they desire to file summary judgment motions or are ready to proceed to trial. Counsel for Defendants shall initiate the conference, but Plaintiffs will be held responsible for failing to participate in the conference in good faith.

Because Plaintiffs are now pro se, they are advised of four important rules of this Court. First, all documents filed in this case must include the "Case Style" as is shown on the first page of this Order, and include a "Heading" which clearly identifies the document filed. N.D. Fla. Loc. R. 5.1(B). Second, all documents filed "must be double spaced with at least

14-point font and at least one-inch margins on the top, bottom, left, and right of each page.  Pages must be numbered.  Handwritten documents must be legible with adequate spacing between lines.  Hard copies should be securely fastened in the upper left-hand corner." N.D. Fla. Loc. R. 5.1(C).  Third, documents "filed by a pro se party must include a signature block with the party's handwritten signature, typed or printed name, street address, email address if the party has one, and telephone number if the party has one." N.D. Fla. Loc. R. 5.1(E).  Fourth, every document submitted to the Court for filing "must include a certificate of service" which contains Plaintiffs' handwritten signature, and which states "the date and method of service" on Plaintiff's counsel.

Accordingly, it is

**ORDERED:**

1.  The parties must confer, either in person, telephonically, or through video, no later than **March 31, 2021**, to discuss the status of discovery, the possibility of filing summary judgment motions, or setting this case for trial.

2.  The parties must submit a response to this Order (and joint discovery plan if necessary) no later than **April 14, 2021**.

3.  The pro se Plaintiffs must keep this Court and opposing counsel advised of any change in their mailing addresses or contact information.

4.  The Clerk of Court shall return this file upon receipt of the parties' supplemental joint discovery plan or no later than April 14, 2021.

**DONE AND ORDERED** on March 12, 2021.

<u>S/   Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**