IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HARLEY D. ROOT, JR., and
MELISA D. JOBE,

    Plaintiffs,

vs.                              CASE NO: 4:19-cv-00347-MW-MAF

WALT MCNEIL,
Leon County Sheriff,
et al.

    Defendants.
_____/

# O R D E R

This Cause comes before the Court upon *sua sponte* review. Plaintiffs initiated this case in state court; and Defendant McNeil removed the case to this Court on July 29, 2019. ECF No. 1. Plaintiffs filed an amended complaint, ECF No. 6, presenting claims pursuant to 42 U.S.C. § 1983, alleging false arrest and imprisonment, battery, assault, and excessive force. At the time, Plaintiffs were represented by counsel; however, they are now proceeding *pro se*. See ECF Nos. 23, 53. Over the course of this case, Plaintiffs have failed to properly respond to Defendants' discovery requests and failed to comply with Court orders. For the reasons set forth below, Plaintiff's case should be dismissed.

I.  **Procedural History**

A brief discussion of the procedural history of the case is warranted. This case was stayed from December 18, 2019, through July 1, 2020, and, again for a second period from February 21, 2021, through March 11, 2021. See ECF Nos. 22, 36, 53, and 57. The Court issued several orders directing Plaintiffs to expedite their responses to Defendants' requests. ECF Nos. 42, 44, and 60. In particular, the Court noted, "Plaintiff Root has refused to respond to the discovery requests, for unexplained reasons with which his counsel cannot agree." ECF No. 44. The Court set the discovery deadline for May 21, 2021. ECF No. 60.

Dispositive motions were due June 11, 2021, but the Court stayed the deadline after receiving the parties' recent status reports. See ECF Nos. 60, 61, 62, and 63.  On April 27, 2021, Defendants filed a unilateral status report because Plaintiffs refused to approve a drafted joint status report. ECF No. 61. According to the status report, Plaintiffs did not serve formal responses to Defendants' first requests to produce, which were propounded on August 29, 2019, although Plaintiffs provided copies of certain responsive records. Id., p. 2-3. On June 3, 2021, the parties filed a joint status report regarding discovery. ECF No. 62. Still, the report reiterated that Plaintiffs had

not served formal responses to the Defendants' discovery requests although they provided counsel with copies of certain responsive requests. Id.

Concerned that Plaintiffs might be blocking discovery and were not acting in good faith, the Court issued an Order directing Plaintiffs to show cause for their failure to comply with the Court's orders and their failure to formally respond to Defendants' discovery requests. ECF No. 63. The Court warned that Plaintiffs' failure to comply with any Court order, including discovery orders, could result in sanctions up to and including dismissal. Plaintiffs' responses to the Court's order to show cause were due no later than **June 23, 2021**. Id. Plaintiffs did not file any response. Dismissal is warranted.

## II. Plaintiffs Failed to Obey the Court's Discovery Orders.

Pursuant to Fed. R. Civ. P. 37(b)(2), if a party fails to obey the Court's discovery order, the court has the discretion to "issue further just orders" which may include:

   (i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

   (ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

   (iii) striking pleadings in whole or in part;

> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order . . .

At this stage, Plaintiffs failed to comply with three discovery orders, ECF Nos. 42, 44, and 60, and failed to provide formal responses to Defendants' discovery requests sent nearly twenty-two months ago. The Court has been exceedingly generous in allowing Plaintiffs opportunity to properly litigate their case; however, no other sanctions have been successful in moving this case forward. The Court may dismiss the case pursuant to Fed. R. Civ. P. 37(b)(2)(v).

### III. Failure to Comply with Court Orders under Fed. R. Civ. P. 41(b).

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). Here, the record is clear. The Court cannot proceed in a case where Plaintiffs failed to formally respond to Defendants' discovery requests and the Court's discovery orders or the order to show cause. The Court warned Plaintiffs that failure to follow Court orders would likely result in a recommendation of dismissal as a sanction. ECF No. 63.

### IV.   Conclusion and Recommendation

It is respectfully RECOMMENDED that Plaintiffs' complaint be DISMISSED for failure to comply with discovery requests and the Court's discovery orders pursuant to Fed. R. Civ. P. 37(b)(2)(v) and for failure to respond to the Court's order to show cause, pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be CLOSED.

IN CHAMBERS at Tallahassee, Florida on June 24, 2021.

                **s/ Martin A. Fitzpatrick**
                **MARTIN A. FITZPATRICK**
                **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).