IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HARLEY D. ROOT, JR., and
MELISA D. JOBE,

    Plaintiffs,

vs.                          CASE NO: 4:19-cv-00347-MW-MAF

WALT MCNEIL,
Leon County Sheriff,
et al.

    Defendants.
_____/

# O R D E R

This Cause comes before the Court upon Plaintiff Jobe's letter containing certain photographic evidence, presumably, in response to Defendant's requests for discovery. ECF No. 65. Therefore, the Court liberally construes the filing as a response to the Court's order to show cause (ECF No. 63) issued on June 9, 2021, and as a response to Defendants' discovery requests. Id. Plaintiff's response to the Court's order to show cause was due no later than **June 23, 2021**. Id. Plaintiff mailed the instant letter on June 23, 2021; and the Court received it on June 25, 2021. ECF No. 65.

In the letter, Plaintiff claims she "was told" on June 22, 2021, that she could "send the photographic evidence overnight." Id. She makes no mention

of who gave her that directive or who was to receive the evidence. Id. Plaintiff claims she has done her best to respond to discovery but learned no files were transferred between attorneys, is currently representing herself, and complied with all necessary requirements in order to represent herself. Id. Unfortunately, Plaintiff's status as a *pro se* litigant does not demonstrate good cause for her failure to comply with Defendants' discovery requests and the Court's discovery orders. The Court is not unsympathetic that Plaintiff is proceeding *pro se*. However, Plaintiff was required to abide by all of the Federal Rules of Civil Procedure and the Local Rules, paying particular attention to Fed. R. Civ. P. 33, 34, and 36, as well as N.D. Fla. Loc. R. 26.1 regarding discovery and discovery materials. Failure to do so may result in dismissal. See N.D. Fla. Loc. R. 41.1.

Plaintiff has been proceeding *pro se* from December 18, 2019, through June 30, 2020, and again from February 19, 2021, through the present date. ECF Nos. 23, 34, and 53. During this time, the Court issued several orders giving clear directives to Plaintiffs to expedite their responses to discovery requests. See ECF Nos. 42, 44, and 60. She provides no reasonable explanation for failing to comply with Court orders. Although Plaintiff claims she has complied with all necessary requirements and did her best, the record, as outlined in the undersigned's Report and Recommendations,

CASE NO: 4:19-cv-00347-MW-MAF

proves otherwise. See ECF Nos. 44, 61, 62. Also, Plaintiff makes no statement about whether her formal responses to Defendants' discovery requests are still outstanding. ECF No. 65.

More importantly, responses to discovery, in this case, the photographic evidence, may not be filed with the Court. The Court finds that the evidence is submitted in violation of the Local Rules and, without any certificate of service, fails to notice the Defendants. Pursuant to N.D. Fla. Loc. R. 26.1(A):

> [a] party may conduct discovery but must not file a discovery request or response or a deposition transcript unless:
>
> 1) the Court orders the filing;
>
> 2) the material is needed for determination of a pending motion or issue; or
>
> 3) the material is admitted into evidence at a trial or hearing.

None of the exceptions apply in this instance. The Court previously ordered Plaintiff to submit formal discovery responses to Defendants. Plaintiff may not rely on the Court's CM/ECF system in order to properly serve Defendant with discovery responses. The Court must remain neutral and may not act as Plaintiff's attorney by propounding discovery requests upon parties on Plaintiff's behalf. Parties are required to propound requests

and responses directly to each other. Accordingly, the exhibits are due to be STRICKEN as improper and returned to Plaintiff. Accordingly, it is

**ORDERED**:

1.   Plaintiff Jobe's photographic exhibits, included with her letter docketed as ECF No. 65, are STRICKEN as improper filings, pursuant to N.D. Fla. Loc. R. 26.1(A).

2.   The Clerk is directed to return the photographic evidence to Plaintiff Jobe at her address of record along with a copy of this Order.

3.   Plaintiff Jobe has failed to provide sufficient cause explaining her failure to comply with Court discovery orders and Defendants' requests for discovery and remains subject to sanctions pursuant to Fed. R. Civ. P. 37(b)(2).

**DONE AND ORDERED** on June 28, 2021.

                               s/ Martin A. Fitzpatrick
                               **MARTIN A. FITZPATRICK**
                               **UNITED STATES MAGISTRATE JUDGE**